## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRETT TUNSIL, | : | Civil No. 1:25-CV-00879 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER TAYLOR, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Presently before the court is Plaintiff Barrett Tunsil's complaint bringing constitutional claims pursuant to 42 U.S.C. § 1983.  Plaintiff is a self-represented litigant currently housed at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI-Houtzdale") and has filed a motion to proceed *in forma pauperis*.  (Doc. 2.)  Plaintiff has also filed a motion for injunctive relief.  (Doc. 7.) The court will grant the pending motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss the complaint for failing to state a claim upon which relief may be granted, and deny the motion for injunctive relief.   The court will also grant Plaintiff leave to file an amended complaint.

### BACKGROUND

On May 19, 2025, the court received and docketed Plaintiff's complaint raising constitutional claims pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  This

1

complaint names the following five defendants: (1) Correctional Officer Taylor ("Taylor"); (2) Correctional Officer Morgan ("Morgan"); (3) Superintendent Booher ("Booher"); (4) Secretary Laurel Harry ("Harry"); and (5) Sergeant Koch ("Koch").  (Doc. 1, pp. 3–4.)[1]  In the complaint, Plaintiff alleges that Defendants Taylor and Morgan verbally harassed and threatened him over the intercom after he inquired as to why he did not receive a Christmas bag.  (Doc. 1, pp. 4–5.)  These verbal statements were allegedly racially and sexually derogatory.  (*Id.*)  Plaintiff further alleges that he immediately attempted to alert Defendant Koch and non-party Quist regarding the conduct of Defendants Taylor and Morgan.  (*Id.*, p. 5.)  Plaintiff states that Defendant Koch and non-party Quist then failed to intervene, report, or investigate his Prison Rape Elimination Action ("PREA") allegation.  (*Id.*)  Based on these allegations, Plaintiff attempts to bring claims under the Fourth, Fifth, Sixth, and Fourteenth Amendments.  (*Id.*, p. 6.)  Plaintiff appears to also bring claims against non-parties Quist and Rossman.  (*Id.*)

Plaintiff also filed an application to proceed *in forma pauperis* and a motion for injunctive relief.  (Docs. 2, 7.)  The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The court will dismiss the complaint with leave to renew and deny the motion for injunctive relief.

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

**JURISDICTION AND VENUE**

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. §
1331, which allows a district court to exercise subject matter jurisdiction in civil
cases arising under the Constitution, laws, or treaties of the United States.  Venue
is proper in this district because the alleged acts and omissions giving rise to the
claims occurred at SCI-Benner Township in Northumberland County,
Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

**STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma
pauperis* case "at any time if the court determines that . . . the action . . . fails to
state a claim upon which relief may be granted[.]"  The legal standard for
dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is
identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions
to dismiss.  *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 109-10 & n.11 (3d
Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.
v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the
plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. The Complaint Will Be Dismissed With Leave to Renew.

#### 1. Defendants Booher and Harry

Plaintiff brings claims against Defendants Booher and Harry, yet does not name them in the factual allegations of the complaint. (Doc. 1.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of

4

rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Here, Plaintiff did not allege any personal liability on the part of Defendants Booher and Harry. (Doc. 1.) He only listed them as Defendants in the beginning of the complaint and identifies them by their supervisory positions. Supervisory liability under § 1983 utilizes the same standard as municipal liability. *See Carter v. City of Philadelphia,*181 F.3d 339, 356 (3d Cir. 1999). A supervisor will only be liable for the acts of a subordinate if he fosters a policy or custom that amounts to deliberate indifference towards an individual's constitutional rights. *See id. at* 357. To establish supervisory liability, a plaintiff must show that (1) a superior officer failed to employ a specific supervisory practice; (2) the existing custom created an unreasonable risk of injury in the absence of the specified supervisory practice; (3) the supervisor was aware that the risk existed; (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the failure to employ the supervisory practice. *Brown v. Muhlenberg Twp.,* 269 F.3d 205, 216 (3d Cir. 2005) (*citing Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir. 1989)).

Plaintiff makes no such claims regarding Defendants Booher and Morgan in the complaint. Therefore, any claims against them will be dismissed without prejudice.

### 2. Verbal Threats and Harassment

Plaintiff's claims against Defendants Taylor, Booher, and Koch and any implied claims against non-party Quist and Rossman are premised on the verbal threats and harassment of Defendants Taylor and Booher and the failure of others to intervene to prevent or correct the alleged statements. (Doc. 1.)

It is well-settled that the use of harassing words, no matter how violent, is not actionable under 42 U.S.C. § 1983. *See Marten v. Hunt*, 479 Fed.Appx. 436 (3d Cir. 2012); *Lewis v. Wetzel*, 153 F.Supp.3d 678 (M.D. Pa. 2015); *see also Harris v. Ferguson*, 3:16-cv-1965, 2017 WL 3611752, at *4–5 (M.D. Pa. Aug. 22, 2017) (granting summary judgment to defendants on § 1983 claims regarding verbal sexual harassment because the record did not show that plaintiff suffered injury or damage); *Maclean v. Secor*, 876 F. Supp. 695, 698–99 (E.D. Pa. 1995) ("It is well established that verbal harassment or threats will not . . . without some reinforcing act accompanying them, state a constitutional claim.").

Nothing in Plaintiff's complaint indicates he suffered any physical injury or damage, nor is there any allegation of some reinforcing act accompanying the statements. (Doc. 1.) Therefore, all claims are dismissed without prejudice.

### 3. PREA Claim

To the extent that Plaintiff attempts to raise a claim pursuant to PREA, this claim will also be dismissed. The PREA does not provide a private right of action, and Plaintiff is, therefore, prohibited from asserting a claim pursuant to PREA. *Harris*, 2017 WL 3611752, at *5 (*citing Washington v. Folino*, 2013 WL 998013, at *4 (W.D. Pa. Feb. 28, 2013) (holding that violations of the Prison Rape Elimination Act do not create a private cause of action) and *Nestor v. Dir. of NE. Region Bureau of Prisons*, 2012 WL 6691791, at *3 (D.N.J. Dec. 20, 2012) (granting summary judgment to defendants on the plaintiff's attempt to recover under PREA)). Consequently, any claim Plaintiff may be attempting to bring under PREA will be dismissed with prejudice.

### B. The Motion for Injunction Will Be Denied.

Plaintiff also filed a motion for injunctive relief. (Doc. 7.) However, nothing in the motion or brief in support of the motion requests specific action on the part of the court. (Docs. 7, 8.) Regardless of the lack of such a request, the court will deny the motion because there is no operative complaint in the matter.

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. Motions for temporary restraining orders and preliminary injunctions are judged against exacting legal standards. Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F. 2d

440, 443 (3d Cir. 1982).  Rather, it "is an 'extraordinary remedy.'"  *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).  A motion for such is properly granted only if such relief is the "only way of protecting the plaintiff from harm."  *Instant Air Freight Co. v. C.F. Air. Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).  "It has been well stated that upon an application for a preliminary injunction to doubt is to deny."  *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

"When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?"  *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) *reversed on other grounds by* 141 S. Ct. 1868 (U.S. 2021).  "The first two factors are prerequisites for a movant to prevail."  *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018).  "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."  *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

As the first two factors necessary for a preliminary injunction "suggest, there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). Thus, it is inappropriate to grant a motion for a preliminary injunction when the relief requested in the motion is unrelated to the allegations in the complaint. *Id*. at 838; *see also Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018) (holding that the District Court correctly denied a "requested injunction because it involved allegations unrelated to the complaint").

Here, there is no operative complaint in the matter. Therefore, the first two factors required for a preliminary injunction cannot be met, and the court will deny the motion.

## CONCLUSION

As set forth above, the court will grant Plaintiff's motion to proceed *in forma pauperis*. However, Plaintiff's complaint fails to state a claim for which relief may be granted, and his complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The Third Circuit has found that a self-represented plaintiff may be granted leave to file an amended complaint even when he does not seek leave to amend. *Phillips*, 515 F.3d at 245. Therefore, the court will grant Plaintiff leave to file an amended complaint. Any amended complaint will be filed under the case

number in the above caption and titled Amended Complaint. Any failure to timely

file an amended complaint will result in the case being dismissed.

The court will also deny Plaintiff's motion for injunction since there is no

operative complaint in the matter.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania


Dated: July 7, 2025