# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRETT TUNSIL, | Civil No. 1:25-CV-00879 |
| Plaintiff, | |
| v. | |
| CORRECTIONAL OFFICER TAYLOR, *et al.*, | |
| Defendants. | Judge Jennifer P. Wilson |

## MEMORANDUM

Presently before the court is Plaintiff Barrett Tunsil's amended complaint bringing constitutional claims pursuant to 42 U.S.C. § 1983 and criminal claims against five defendants. (Doc. 11.) Plaintiff is a self-represented litigant currently housed at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI-Houtzdale"). Plaintiff has also filed a motion for recusal, two motions for injunctive relief, and a motion for appointment of counsel. (Docs. 16, 18, 20, 22.) The court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss the amended complaint with prejudice for failing to state a claim upon which relief may be granted, deny the pending motions as moot, and close the case.

### BACKGROUND

On May 19, 19, 2025, the court received and docketed Plaintiff's complaint raising constitutional claims pursuant to 42 U.S.C. § 1983. (Doc. 1.) This

1

complaint named the following five defendants: (1) Correctional Officer Taylor ("Taylor"); (2) Correctional Officer Morgan ("Morgan"); (3) Superintendent Booher ("Booher"); (4) Secretary Laurel Harry ("Harry"); and (5) Sergeant Koch ("Koch"). (Doc. 1, pp. 3–4.)[1] In that complaint, Plaintiff alleged that Defendants Taylor and Morgan verbally harassed and threatened him over the intercom after he inquired as to why he did not receive a Christmas bag. (Doc. 1, pp. 4–5.) These verbal statements were allegedly racially and sexually derogatory. (*Id.*) Plaintiff further alleged that he immediately attempted to alert Defendant Koch and non-party Quist regarding the conduct of Defendants Taylor and Morgan. (*Id.*, p. 5.) Plaintiff stated that Defendant Koch and non-party Quist then failed to intervene, report, or investigate his Prison Rape Elimination Action ("PREA") allegation. (*Id.*) Based on these allegations, Plaintiff attempted to bring claims under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (*Id.*, p. 6.)

On July 7, 2025, the court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed the complaint for failing to state a claim upon which relief may be granted. (Docs. 9, 10.) Specifically, the court found that Plaintiff did not allege personal involvement as to Defendants Booher and Harry, that the alleged verbal harassment did not rise to the level of an Eighth Amendment violation, and that PREA did not provide a basis for a private right of

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

2

action. (Doc. 9.) However, the court granted Plaintiff leave to cure these pleading defects by amending his complaint. (Doc. 10.)

On August 8, 2025, the court received and docketed Plaintiff's amended complaint. (Doc. 11.) The amended complaint names the following five defendants: (1) Taylor; (2) Morgan; (3) Ms. Quist ("Quist"), B-A Unit Manager; (4) Harry; and (5) Booher. (*Id*., pp. 2–3.) Plaintiff alleges that while incarcerated at SCI-Benner on December 13, 2024, he notified Defendant Taylor through the intercom system that Defendant Taylor had passed his cell on two separate occasions and did not give Plaintiff his Christmas Bag. (*Id*., p. 4.) Plaintiff alleges that he then heard Defendant Morgan "scream/yell through the inter-com system that 'C/O Taylor said he looked right in your eyes when he gave you a FUCKING bag.' I could hear C/O Taylor in the background screaming/yelling/cursing at me claiming he gave me a 'FUCKING bag!'" (*Id*.) He also alleges that Defendants Taylor and Morgan stated "I'm gonna FUCK you in your ass, Tunsil," "I'm gonna make you suck my dick, Tunsil," and other racially and sexually derogatory phrases. (*Id*.) Based on these alleged facts, Plaintiff attempts to bring criminal charges against Defendants. (*Id*, p. 5.) Plaintiff also states that "the constitutionally rights, as limited as they may be, does not allow the PA-DOC et al. Defendants/Respondents, et al. to indiscriminately abuse cripple, sever injure, maim, kill, and/or murder me to silence me/patient/PREA victim." (*Id*.)

Following the amended complaint, Plaintiff filed a motion for recusal, a motion for protection from abuse, a motion to appoint counsel, and a motion for an injunction. (Docs. 16, 18, 20, 22.) The court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss the amended complaint with prejudice because Plaintiff did not cure the pleading defects previously identified by the court, and deny the pending motions as moot.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Benner Township in Northumberland County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions

to dismiss.  *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. The Amended Complaint Will Be Dismissed With Prejudice.

#### 1. Defendants Booher, Harry, and Quist

Plaintiff brings claims against Defendants Booher, Harry, and Quist, yet does not name them in the factual allegations of the complaint. (Doc. 11.)

While Plaintiff does not provide a source for his cause of action, he makes a vague reference to constitutional claims. (Doc. 11, p. 5.) Such claims would fall under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Here, Plaintiff did not allege any personal involvement on the part of Defendants Booher, Harry, and Quist. (Doc. 11.) He only listed them as Defendants in the beginning of the complaint and identifies them by their supervisory positions. Supervisory liability under § 1983 utilizes the same standard

as municipal liability. *See Carter v. City of Philadelphia,* 181 F.3d 339, 356 (3d Cir. 1999). A supervisor will only be liable for the acts of a subordinate if he fosters a policy or custom that amounts to deliberate indifference towards an individual's constitutional rights. *See Id. at* 357. To establish supervisory liability, a plaintiff must show that (1) a superior officer failed to employ a specific supervisory practice; (2) the existing custom created an unreasonable risk of injury in the absence of the specified supervisory practice; (3) the supervisor was aware that the risk existed; (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the failure to employ the supervisory practice. *Brown v. Muhlenberg Twp.,* 269 F.3d 205, 216 (3d Cir. 2005) (*citing Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir. 1989)).

    Plaintiff makes no such claims regarding Defendants Booher, Harry, or Quist in the complaint. Therefore, any claims against them will be dismissed. Plaintiff was made aware of the need to allege personal involvement on the part of all defendants in the court's memorandum and order dismissing the original complaint. (Docs. 9, 10.) Despite the opportunity to cure this pleading defect, the defect persists. As such, the court finds that allowing Plaintiff further leave to amend his complaint would be futile, and the court will dismiss the claims against these Defendants with prejudice.

### 2. Verbal Threats and Harassment

Plaintiff's claims against all Defendants are premised on the alleged verbal threats and harassment of Defendants Taylor and Morgan. (Doc. 11, p. 4.)

It is well-settled that the use of words, no matter how violent, is not actionable under 42 U.S.C. § 1983. *See Marten v. Hunt*, 479 Fed.Appx. 436 (3d Cir. 2012); *Lewis v. Wetzel*, 153 F.Supp.3d 678 (M.D. Pa. 2015); *see also Harris v. Ferguson*, 3:16-cv-1965, 2017 WL 3611752, at *4–5 (M.D. Pa. Aug. 22, 2017) (granting summary judgment to defendants on § 1983 claims regarding verbal sexual harassment because the record did not show that plaintiff suffered injury or damage); *Maclean v. Secor*, 876 F. Supp. 695, 698–99 (E.D. Pa. 1995) ("It is well established that verbal harassment or threats will not . . . without some reinforcing act accompanying them, state a constitutional claim.").

Nothing in Plaintiff's amended complaint indicates he suffered any physical injury or damage, nor is there any allegation of some reinforcing act accompanying the statements. (Doc. 11.) Therefore, all claims are dismissed. Again, Plaintiff was made aware of this pleading defect in the court's memorandum and order dismissing the original complaint. (Docs. 9, 10.) Despite this notice, Plaintiff did not remedy this pleading defect in his amended complaint. (Doc. 11.) Therefore, the court finds that allowing Plaintiff further leave to amend would be futile and will dismiss these claims with prejudice.

### 3. PREA Claim

To the extent that Plaintiff attempts raise a claim pursuant to PREA, this claim will also be dismissed with prejudice. PREA does not provide a private right of action, and Plaintiff is, therefore, prohibited from asserting a claim pursuant to PREA. *Harris*, 2017 WL 3611752, at *5 *citing Washington v. Folino*, 2013 WL 998013, at *4 (W.D. Pa. Feb. 28, 2013) (holding that violations of the Prison Rape Elimination Act do not create a private cause of action) *and Nestor v. Dir. of NE. Region Bureau of Prisons*, 2012 WL 6691791, at *3 (D.N.J. Dec. 20, 2012) (granting summary judgment to defendants on the plaintiff's attempt to recover under PREA). Consequently, any claim Plaintiff may be attempting to bring under PREA in the amended complaint will be dismissed with prejudice.

### 4. Criminal Claims

Plaintiff alleges that Defendants committed crimes against him. (Doc. 11, p. 5.) However, private citizens lack standing to initiate criminal proceedings. *United States v. Wegeler*, 941 F.3d 665, 668 (3d Cir. 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, any attempts to raise criminal actions against Defendants in this civil complaint will be dismissed with prejudice.

## B. The Pending Motions Will Be Denied.

Plaintiff also filed a motion for recusal, a motion for protection from abuse, a motion to appoint counsel, and a motion for injunctive relief. (Docs. 16, 18, 20,

22.) Considering there is no operative complaint in the matter, and the claims raised in the amended complaint will be dismissed with prejudice, the court will deny these pending motions as moot. *See Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) *reversed on other grounds by* 141 S. Ct. 1868 (U.S. 2021) (finding that in order to succeed in a motion for injunctive relief, a moving party must establish, among other factors, that he has a reasonable likelihood of success on the merits); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (representation by counsel may be appropriate after a finding that the plaintiff's case has arguable merit in fact and law).

## CONCLUSION

As set forth above, Plaintiff's amended complaint fails to state a claim upon which relief may be granted, and his complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Because the court has determined that further leave to amend would be futile, the dismissal will be with prejudice.

The court will also deny Plaintiff's pending motions as moot.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: December 4, 2025